**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**
**CIVIL ACTION NO. 8:23-CV-004696-TMC**

| | |
|---|---|
| Progressive Northern Insurance Company,<br><br>Plaintiff(s),<br>v.<br><br>Maria G. Casiano De La Rosa,<br><br>Defendant(s). | **DEFENDANT CASIANO DE LA ROSA ANSWER AND COUNTERCLAIM**<br>**(Non-Jury)**<br>**(Declaratory Judgment)** |

The Defendant Maria Casiano De La Rosa ("Casiano") hereby submits this Answer and Counterclaim for Declaratory Judgment and would allege as follows.

### FOR A FIRST DEFENSE

1. Each and every allegation not specifically admitted herein is denied.

2. The allegations contained in paragraph one (1) of the Plaintiff's complaint are admitted.

3. The allegations contained in paragraph two (2) of the Plaintiff's complaint are admitted.

4. The relief sought in paragraph three (3) requires no response, but to the extent a response is required the Defendant would state that is concurs with the relief requested in that there is a real justiciable controversy between the parties and as outlined in its counter claim the Defendant ask this honorable court to declare the rights and obligations of the parties arising out of the facts as found by this honorable court.

5. Paragraph four (4) of the Plaintiff's complaint is admitted.

6. Paragraph (5) of the Plaintiff's complaint is admitted.

7. The allegations in paragraph six (6) of the Plaintiff's complaint admitted only to the extent that Casiano applied for an insurance policy from Progressive Northern Insurance Company ("Progressive"). The remainder of the paragraph is denied.

8. The allegations in paragraph seven (7) of the Plaintiff's complaint is admitted only to the extent that Casiano signed her actual handwritten signature on one application document presented to her by the insurance agent. The remainder of the paragraph is denied.

9. The allegations contained in paragraph eight (8) of the Plaintiff's complaint are admitted.

10. Paragraph nine (9) of the Plaintiff's complaint requires no response as it merely incorporates previously pled paragraphs of the Plaintiff's complaint.

11. Paragraph ten (10) of the Plaintiff's complaint is denied.

12. Paragraph eleven (11) of the Plaintiff's complaint is denied.

13. Paragraph twelve (12) of the Plaintiff's complaint is denied.

14. Paragraph thirteen (13) of the Plaintiff's complaint is admitted but only because Casiano was never provided an explanation or meaningful offer of UIM coverage.

15. Paragraph Fourteen (14) of the Plaintiff's complaint is denied.

### FOR A SECOND DEFENSE AND BY WAY OF A COUNTERCLAIM AND DECLARATION
### (Declaratory Judgment)

16. Casiano incorporates all previously pled answers and allegations as if stated verbatim herein to the extent they are not inconsistent with the allegations contained herein.

17. This counterclaim is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. section 2201 et al seq. There is a real justiciable controversy between the parties and the court should declare the rights of the parties.

18.     Casiano met with Flor Perlera ("The Agent") who is an agent of the Plaintiff and permitted to sell policies of insurance on behalf of Progressive Northern Mutual Insurance Co. on or about February 9, 2019. The transaction of purchase occurred at the "House of Insurance" Insurance Agency located at 1518 Cedar Lane Rd., Greenville, South Carolina.

19.     Casiano spoke to the agent about purchasing car insurance and the agent presented her with an application to purchase car insurance from Progressive Northern. Casiano signed in ink the application and gave it to the Agent who then performed some tasks on the computer and informed Casiano that she was fully covered.

20.     As part of the application process Casiano presented the Agent with a foreign driver's license. Furthermore, the Agent was a Spanish speaker and fully understood that Ms. Casiano could not speak, read or write the English language.

21.     The application that Casiano signed was written in English and Casiano only signed it with assurance of the agent that she was receiving automobile insurance. Underinsured Motorist Coverage was never discussed, explained or even mentioned.

22.     At no point did Casiano ever receive the application, offer of underinsured motorist coverage or any other forms that were written in Spanish.

23.     Upon information and belief, Progressive Northern did in fact have UM/UIM selection rejection forms that were written in Spanish on or about February 9, 2019.

24.     No meaningful offer of underinsured motorist coverage was made to Casiano.

25.     Casiano is entitled under South Carolina Law to have the policy reformed and for Progressive Northern to pay unto Casiano $75,000 plus prejudgment interest under their mutually binding policy of insurance.

**WHEREFORE,** Casiano respectfully requests that this court issue an order stating that no meaningful offer was made to Casiano and as such the insurance policy must be reformed to include coverage for Underinsured Motorist Coverage and for such other relief as the court deems just and proper.

Respectfully Submitted,

**PRACHT INJURY LAWYERS, LLP.**

s/J. Christopher Pracht
J. Christopher Pracht, S.C. Bar No. 77543
Federal Bar ID # 10538
Post Office Box 4025
1000 North Main Street
Anderson, South Carolina 29622
Telephone Number: (864) 226-7222
Fax Number: (864) 226-7224
chris@864law.com;
*Attorney for the Defendant*

Anderson, South Carolina